UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FRAYNE AERON WISKUS,

        Plaintiff,

v.

UNITED STATES OF AMERICA,
U.S. DEPT. OF JUSTICE, FBOP,
WARDEN SHERROD, A.W. GARCIA,
SIS LT. BAKER, SIS LT SNIDER,
R&D MR. ESPINOZA, L-E UNIT MGR.
MS. LEWELLYN, L-E UNIT COUNSELOR
MS. TABOR, C.O. PROPERTY OFFICER
MR. FORD, CO-CONSPIRATOR
S. LEYBA, LEGAL INSTRUMENTS
EXAMINER,

        Defendants.

Civil No. 06-3023 (DSD/SRN)

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Federal Correctional Institution at Waseca, Minnesota, ("FCI-Waseca"), is seeking relief for various misdeeds allegedly committed by Defendants, while Plaintiff was confined at the Federal Correctional Institution in Inglewood, Colorado, ("FCI-Inglewood"). The matter is presently before this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that this action should be transferred to the United States District Court for the District of Colorado.

**I.    BACKGROUND**

Plaintiff is attempting to sue several employees of the Federal Bureau of Prisons, who were employed at FCI-Inglewood during the events giving rise to this lawsuit. As far as the Court can tell, Plaintiff is claiming that Defendants wrongly deprived him of certain

personal property, including some "legal records," which he possessed while he was incarcerated at FCI-Inglewood. Plaintiff's complaint indicates that he "wants all legal records returned pertaining to his federal cases and $5000 a day for twenty (20) days for illegal incarceration... plus an unspecified amount for compensatory and punitive damages for defamation by and through libel and slander."

II.  **DISCUSSION**

It clearly appears from Plaintiff's submissions that all of the events on which his claims are based occurred at FCI-Inglewood, which is located in the District of Colorado. There are no allegations in the complaint stating -- or even suggesting -- that any of Plaintiff's claims are based on any events that occurred here in Minnesota. Furthermore, it appears that all of the individual Defendants worked at FCI-Inglewood, and there are no allegations suggesting that any of them live outside of Colorado.

Because it is apparent that none of the events giving rise to this action occurred in Minnesota, and none of the individual named Defendants is located in Minnesota, it obviously is appropriate to consider whether Minnesota is a proper venue for this action. The answer to this question is found in 28 U.S.C. § 1391(b), which provides as follows:

> "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may be otherwise brought."[1]

---

[1] Subsection 1391(b), rather than 1391(a), is applicable here, because federal jurisdiction in this case is not based solely on diversity of citizenship. Plaintiff's claims are based on federal law and the federal Constitution, so jurisdiction would exist under the

The Court finds that this District cannot be a proper venue for this action under any of the three clauses of § 1391(b).

Venue is not proper under the first clause of § 1391(b), because the complaint does not allege that all of the Defendants reside in this District. Indeed, it appears from the pleadings that all of the Defendants probably reside in Colorado.

Nor is Minnesota a proper venue under the second clause of § 1391(b), because there is nothing in the complaint to indicate that "a substantial part of the events or omissions giving rise to the claim occurred" in this District. In fact, there are no allegations in the complaint suggesting that any of the events giving rise to Plaintiff's claims occurred anywhere other than in the District of Colorado. There certainly is no indication that a "substantial part" of those events occurred in Minnesota.

The third clause of § 1391(b) allows an action to be brought in "a judicial district in which any defendant can be found, if there is no district in which the action may otherwise be brought." This part of § 1391(b) "may be invoked only when venue does not lie in a district pursuant to [clauses] (1) or (2)." Moore's Federal Practice, 3d ed., Vol. 17, § 110.02[2][d].[2] It plainly appears that the District of Colorado would be a proper venue for

---

"federal question" statute, (28 U.S.C. § 1331), regardless of whether there is or is not diversity of citizenship here. It follows that subsection 1391(a), which applies to "a civil action wherein jurisdiction is founded only on diversity of citizenship," does not apply here.

[2] It has been observed that this third clause of § 1391(b) is applicable if most of the events giving rise to the plaintiff's claims occurred outside of the United States altogether. Moore's Federal Practice, 3d ed., Vol. 17, § 110.02[2][d] (§ 1391(b)(3) is a "fall-back provision[] designed to deal with the problem of where venue should lie when significant events giving rise to the claim arise outside of the United States"). If a "substantial part" of such events occurred within any district in this country, then venue would be proper in that district under the second clause of § 1391(b), and the third clause would not apply.

this action under clause (2) of § 1391(b), because a "substantial part" of the facts on which Plaintiff's claims are based occurred in that District. The third clause of § 1391(b) is therefore inapplicable here.

Thus, the Court concludes that Minnesota is not a proper venue for this case under any of the three clauses of § 1391(b). It follows that Plaintiff's complaint should not be entertained in this District. Soo Line R. Co. v. Chicago and North Western Transportation Co., 737 F.Supp. 68, 69 (D.Minn. 1990); Sauers v. Pfiffner, No. CIV. 4-88-457 (D.Minn. 1989) (Rosenbaum, J.), 1989 WL 47381 at *2 ("if an action is venued improperly, a district court must refrain from entertaining the suit").[3] Having determined that Plaintiff has filed his present action in the wrong district, (i.e., a district that is not a proper venue), the only remaining question to be resolved is whether the action should be dismissed, or transferred to a district where it could have properly been brought. 28 U.S.C. § 1406(a) ("[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

In the absence of unusual circumstances, e.g., a complaint that is patently frivolous, transfer seems to be generally favored over dismissal. See Goldlawr, Inc. v. Heimer, 369 U.S. 463, 466-67 (1962). It appears that Plaintiff's lawsuit may be barred by 42 U.S.C. § 1997e(a) because he has not exhausted his administrative remedies. Plaintiff's lawsuit may also be barred by the principles discussed in Hudson v. Palmer, 468 U.S. 517 (1984).

---

[3] See also Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) ("[i]n the absence of a waiver [by defendants], we can find no reason to hold that the district court erred by raising the issue of defective venue on its own motion").

However, this Court does not presently conclude that the complaint is clearly frivolous, or that the action must be summarily dismissed for other reasons. It will therefore be recommended that the present action be transferred to the district which is the proper venue for this matter, i.e., the District of Colorado.[4]

Because the Court has determined that this action should be transferred, the initial screening prescribed by § 1915A will not be performed here. The transferee court should be allowed to make its own ruling on whether all or any part of the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b).

### III.    RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

The Clerk of Court should be directed to transfer this action to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1406(a).


Dated: July 19, 2006

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 2, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture

---

[4] Because the Court finds that Minnesota is not a proper venue for this action, it is unnecessary to consider another major obstacle to Plaintiff's attempt to sue in this District -- namely the apparent absence of any grounds for exercising personal jurisdiction over the Defendants. There is nothing on the face of the complaint which suggests that personal jurisdiction would exist in this District with respect to any of the named Defendants. Therefore, even if the Court were to overlook the venue issue at this stage of the proceedings, it is unlikely that this action would progress very far in this District.

of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.